United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Brenda Morales Beltran, et al., | NO. C 08-05194 JW |
| Plaintiffs,<br>v.<br>Monterey County, et al.,<br>Defendants. | **ORDER GRANTING PLAINTIFFS' MOTION TO REMAND; DENYING DEFENDANT STATE OF CALIFORNIA'S MOTION TO DISMISS AS MOOT** |

## I. INTRODUCTION

Brenda Morales Beltran, Reina Morales, Evelyn Delgado, Mario Delgado, and Angel Gamaliel Beltran (collectively, "Plaintiffs") bring this action against Monterey County ("Monterey"), City of Salinas ("Salinas"), City of Soledad ("Soledad"), the State of California ("State"), National Railroad Passenger Corporation[1] ("NRPC") and Union Pacific Railroad Corporation ("Union Pacific") (collectively, "Defendants"), alleging premises liability and negligence. Plaintiffs allege, *inter alia*, that Defendants negligently created dangerous conditions at the intersection of an unmarked road and a single track of railroad, leading to the death of Maria Felix Sencion.

---

[1] Although Plaintiffs name "Amtrak California" as a Defendant, NRPC is the corporate entity that owns and operates Amtrak. (Defendant National Railroad Passenger Corporation's Notice of Removal at 2, hereafter, "Notice of Removal," Docket Item No. 1.)

Presently before the Court are Plaintiffs' Motion to Remand and Defendant State of California's Motion to Dismiss.[2] The Court conducted a hearing on March 2, 2009. Based on the papers submitted to date and oral argument, the Court GRANTS Plaintiffs' Motion to Remand and DENIES Defendant State of California's Motion to Dismiss as moot.

## II. BACKGROUND

**A.  Factual Allegations**

In a Complaint filed on August 6, 2008 in California Superior Court for the County of Monterey, Plaintiffs allege as follows:

On August 2, 2007, Maria Felix Sencion ("Decedent") was traveling south east in Monterey County on an unnamed road. (Defendant National Railroad Passenger Corporation's Notice of Removal, Ex. A ¶ 3, hereafter, "Complaint," Docket Item No. 1.) She was driving towards the intersection of the unnamed road and Sillman Road. (Id. ¶ 3.) There is a stop sign just west of the intersection of the unnamed road and Sillman. (Id.) Just west of the stop sign, there is single track of Union Pacific Railroad that runs north-to-south and intersects the unnamed road. (Id.)

As Decedent pulled up towards the intersection of the unnamed road and Sillman, she stopped behind cars that were stopped at the stop sign. (Complaint ¶ 3.) While she was stopped behind the cars at the stop sign, another car pulled up directly behind her, making her unable to clear the tracks. (Id.) A southbound train crossed the intersection with the unnamed road and struck Decedent's vehicle. (Id.) Decedent died from her injuries. (Id.)

On the basis of the allegations outlined above, Plaintiffs allege two causes of action against all Defendants: (1) Premises Liability and (2) Negligence.

---

[2] (Plaintiffs' Notice of Motion and Motion to Remand, hereafter, "Motion to Remand," Docket Item No. 12; Defendant State of California's Motion to Dismiss for Lack of Jurisdiction, Docket Item No. 11.)

2

### B. Procedural History

After filing their Complaint on August 6, 2008, Plaintiffs served Defendant State on October 2, 2008, Defendant Union Pacific on November 5, 2008, and Defendants Salinas, Soledad and Monterey on November 12, 2008. (Declaration of Aaron B. Markowitz in Support of Plaintiffs' Motion to Remand, Exs. 2-6, hereafter, "Markowitz Decl.," Docket Item No. 13.)

On November 17, 2008, Defendant NRPC voluntarily appeared without yet being served and removed this action to federal court on the ground that NRPC was incorporated by an Act of Congress and the United States owns more than fifty-percent of its capital stock, giving rise to federal question jurisdiction. See 45 U.S.C. § 501, *et seq.*; 28 U.S.C. § 1349. Only Union Pacific joined in the removal. (Notice of Removal at 2.) In its Notice of Removal, NRPC alleged that Defendants State, Salinas and Soledad did not need to consent to the removal pursuant to the judge-created rule requiring unanimity amongst defendants because (1) they are "sham" Defendants who were fraudulently joined; (2) claims against those entities are separate and independent from those against NRPC and Union Pacific; and (3) Defendants Salinas and Soledad had not yet been served by Plaintiffs at the time of removal. (Notice of Removal at 3.)

### III. STANDARDS

The defendant seeking removal of an action to federal court bears the burden of establishing grounds for federal jurisdiction. Quinones v. Target Stores, No. C 05-03570, 2005 WL 3157515, at *2 (N.D. Cal. Nov. 23, 2005). Removal statutes are construed restrictively. Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988). If the district court discovers that all defendants have not joined or consented to removal, it must remand the case. Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999). Doubts as to removability are resolved in favor of remanding the case to state court. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

3

### IV.  DISCUSSION

**A.     Motion to Remand**

Plaintiffs move to remand this action to California Superior Court for the County of Monterey on the ground that NRPC's removal was procedurally defective.  (Motion to Remand at 5-6.)  Plaintiffs contend that NRPC failed to obtain the requisite consent from Defendants State, Monterey, Salinas and Soledad.  (Id. at 6.)  NRPC and Union Pacific dispute whether it was required to obtain consent from all Defendants on two grounds:  (1) NRPC was not required to obtain the consent of Monterey, Salinas and Soledad because there was no proof of service as to those Defendants at the time of removal and (2) NRPC was not required to obtain consent from State because it was fraudulently joined.[3]  The Court first considers the issue of unanimity of removal because it may be dispositive.

Removal is governed by 28 U.S.C. § 1446.  A defendant removing an action to federal court under § 1446 must satisfy the judge-made rule that all proper defendants in the action must unanimously join or consent to the removal.  Prize Frize, 167 F.3d at 1266, *superseded by statute on other grounds as stated in* Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir. 2006) (noting that jurisdiction under the Class Action Fairness Act does not require joinder of all defendants).  Failure to obtain joinder or consent from all proper defendants renders a notice of removal procedurally defective.  Id.; Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 (9th Cir. 1988).  "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal."  Prize Fize, 167 F.3d at 1266.

---

[3] (Opposition of Defendants National Railroad Passenger Corporation and Union Pacific Railroad Company to Plaintiffs' Motion to Remand at 6-11, hereafter, "Opposition to Remand," Docket Item No. 19.)  NRPC and Union Pacific also contend that this case involves issues of federal preemption.  (Opposition to Remand at 11-12.)  However, Defendants provide no authority for the proposition that possible federal preemption of certain state law claims is a ground for denying remand.  Significantly, federal jurisdiction pursuant to 45 U.S.C. § 502, *et seq*. and 28 U.S.C. § 1349 is not exclusive.  Accordingly, the Court declines to address Defendants' preemption contentions.

4

1 The Ninth Circuit recognizes a few narrow exceptions to the unanimity requirement. All
2 parties must consent to removal except "for nominal, unknown or fraudulently joined parties."
3 United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 762 (9th Cir. 2002) (citing Emrich, 846
4 F.2d at 1193 n.1). The exception for "unknown" parties includes a party that has not been served at
5 the time of removal. Salverson v. Western States Bankcard Ass'n., 731 F.2d 1423, 1429 (9th Cir.
6 1984). However, "[a] removing defendant must exercise due diligence to ascertain if other
7 defendants have been served, and simply checking if a proof of service has been filed with the court
8 is insufficient." Orozco v. EquiFirst Corp., No. C 08-8064 PA, 2008 WL 5412364, at *1 (C.D. Cal.
9 2008).

10 In this case, Defendants Monterey, Salinas and Soledad were served prior to NRPC's
11 removal. On November 17, 2008, before filing its notice of removal, NRPC's counsel called the
12 Civil Clerk for the Superior Court of California, County of Monterey to determine if the other
13 Defendants had been served. (Declaration of Jason B. Shane in Support of Opposition to Motion to
14 Remand ¶ 3, hereafter, "Shane Decl.," Docket Item No. 20.) NRPC's counsel determined that no
15 proof of service was on file for Defendants Monterey, Salinas and Soledad. (Shane Decl. ¶ 3.)
16 Thus, NRPC filed its Notice of Removal that same day. (Id.)

17 The circumstances of NRPC's removal are almost identical to the circumstances presented in
18 Pianovski v. Laurel Motors, Inc., 924 F. Supp. 86 (N.D. Ill. 1996). In Pianovski, counsel for the
19 removing party called the county clerk, who informed her that no proof of service of a co-defendant
20 had been filed. Id. at 87. The removing party's counsel took the additional step of directing an
21 employee to confirm the county clerk's information. Id. After counsel's employee confirmed the
22 clerk's statement, the removing party filed its notice of removal. Id. The court found that, despite
23 the removing parties' efforts, it had failed to show "reasonable diligence" in attempting to determine
24 whether its co-defendant had been served. "A phone call to the Clerk and an instruction to a
25 docketing employee are insufficient to demonstrate diligence. [The removing party] should have

5

1 taken further action to determine whether [the co-defendant] had been served, such as attempting to
2 contact [the co-defendant]." Id.

3 Similar to Pianovski, NRPC called the Civil Clerk in Monterey County to determine if a
4 proof of service had been filed as to the other Defendants in this case. NRPC was informed that no
5 proof of service had been filed for Defendants Monterey, Salinas and Soledad. However, there is no
6 showing by NRPC that it took any further steps to determine if these Defendants had been served.
7 Thus, the Court finds that NRPC failed to exercise due diligence, and therefore failed to meet its
8 burden to show that unanimous consent to removal was unnecessary.

9 In light of the Court's finding that NRPC's removal was procedurally defective for failing to
10 obtain consent from Defendants Monterey, Salinas and Soledad, the Court need not address NRPC
11 and Union Pacific's contention that Defendant State was fraudulently joined. Accordingly, the
12 Court GRANTS Plaintiffs' Motion to Remand.

### B.      **Attorneys Fees**

14 Plaintiffs move for attorneys fees on the ground that Defendants lacked an objectively
15 reasonable basis for removing this action. (Motion to Remand at 8-9.) An order remanding a
16 removed case to state court "may require payment of just costs and any actual expenses, including
17 attorney fees, incurred as a result of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132,
18 134 (2005) (quoting 28 U.S.C. § 1447(c)). Courts may award attorney fees only where the removing
19 party lacks an objectively reasonable basis for seeking removal. Id. In this case, the Court declines
20 to award fees and costs since there is no evidence that the removal was made in bad faith.

### C.      **Motion to Dismiss**

22 Defendant State moves to dismiss Plaintiffs' Complaint on the ground that it is entitled to
23 sovereign immunity in federal court. (Motion to Dismiss at 2.) In light of the Court's decision to
24 remand this action to California Superior Court, the Court DENIES the State of California's Motion
25 to Dismiss as moot.

6

## V. CONCLUSION

The Court GRANTS Plaintiffs' Motion for Remand and DENIES Defendant California's Motion to Dismiss as moot.

The Clerk shall immediately remand this case to the Superior Court of California County of Monterey and close this file. Each party shall bear their own fees and costs.

Dated: March 6, 2009

JAMES WARE
United States District Judge

7

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Aaron Benjamin Markowitz carcionelaw@yahoo.com
B. Clyde Hutchinson bch@llcllp.com
Daniel Pierre Weingarten daniel_weingarten@dot.ca.gov
Jason Bradley Shane jshane@llcllp.com

**Dated: March 6, 2009**                                      **Richard W. Wieking, Clerk**

                                                       **By:**   **/s/ JW Chambers**
                                                                         **Elizabeth Garcia**
                                                                         **Courtroom Deputy**